UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PARVA PROPERTY MANAGEMENT LLC, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>BANK OF AMERICA N.A., et al.,<br><br>Defendants. | No.  2:24-mc-0150 DAD SCR<br><br>FINDINGS AND RECOMMENDATIONS |

Before the Court are Plaintiffs' motion to quash an IRS summons directed to Bank of America (ECF No. 1) and Defendant United States of America's motion for summary denial of Plaintiffs' petition (ECF No. 4). Pursuant to Local Rule 302(c)(10), the undersigned recommends that the Court summarily deny Plaintiffs' petition.  The United States has not waived its sovereign immunity against suit in the circumstances here and there is accordingly no federal court jurisdiction over Plaintiffs' petition.

I. **FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiffs are a business entity and an individual, Parvaneh Alizadeh.  On January 10, 2024, an IRS officer issued a summons to Bank of America seeking the production of information about various of Plaintiffs' accounts by February 7, 2024 (the "Summons").  The IRS issued the summons issued pursuant to an investigation targeting Abe Alizadeh, Plaintiff Parvaneh Alizadeh's sister. (ECF Nos. 1-2; 4-2.)

1

On April 2, 2024, Plaintiffs, proceeding through counsel, filed a motion to quash the Summons pursuant to 26 U.S.C. § 7609.[1] (ECF No. 1.) Plaintiffs argue, in conclusory fashion and without citation to any statute or case law, that the Summons was (1) "issued for an improper purpose" because it seeks Plaintiffs' bank records even though Abe Alizadeh, and not Plaintiffs, is the target of the IRS investigation, (2) is overbroad and unduly invasive as to Plaintiff Parvaneh Alizadeh, (3) unnecessarily invades the privacy of Plaintiff Parva Property Management's clients, and (4) was issued "in bad faith[.]" (*Id*.)

On May 20, 2024, Defendant United States of America ("Defendant") filed a motion to summarily deny plaintiffs' motion to quash ("Defendant's Motion"). (ECF No. 4.) Defendant argues that this Court lacks subject matter jurisdiction over Plaintiffs' motion to quash because the United States has not waived its sovereign immunity in this precise procedural context. (*Id*. at 3-6.) Defendant's Motion was supported by the declaration of an IRS agent. (ECF No. 4-2.)

Plaintiffs failed to timely oppose Defendant's Motion. On June 7, 2024, the Court issued an order to show cause ("OSC") why the case should not be dismissed for lack of prosecution. The OSC required Plaintiffs to explain their failure to respond to Defendant's Motion and also to address "prior motions brought by plaintiffs raising similar arguments as those raised here."[2] (ECF No. 5.) On June 14, 2024, Plaintiffs filed an opposition to Defendant's Motion. (ECF No. 6.) Defendant filed a reply. (ECF No. 7.)

However, Plaintiffs' opposition failed to address any of the prior actions brought by Plaintiffs and did not explain "why plaintiffs failed to timely file an opposition." (ECF No. 8.) The Court accordingly issued a second OSC on June 26, 2024, requiring Plaintiffs' counsel to

---

[1] The pleading initiating this action technically should have been captioned a "petition," though that makes no difference to the resolution of the action.

[2] This is not the first-time plaintiffs have sought relief from an IRS summons before this Court. *See Alizadeh v. CitiBank USA N.A.*, No. 2:24-mc-0043 DAD AC, 2024 WL 1722419, at *2 (E.D. Cal. Apr. 19, 2024) ("Because Ms. Alizadeh and PPM were not entitled to notice, they cannot bring a proceeding to quash the summons under section 7609(b)(2)."); *Alizadeh v. MUFG Union Bank N.A.*, No. 2:23-mc-0122 DAD AC, 2023 WL 3721104, at *2 (E.D. Cal. May 30, 2023) ("Because it is indisputable that Mr. Alizadeh is an assessed taxpayer, and that assessed taxpayers lack standing to challenge a summons related to collection, it is clear that plaintiff lacks standing to bring this motion to quash.").

address why he "should not be sanctioned for failing to comply with an order of this court" and to "address: (1) the cause of plaintiffs' failure to timely file an opposition; and (2) any prior action involving a plaintiff raising arguments similar to those raised here and how that prior action was resolved[.]" (*Id.*)

On July 3, 2024, Plaintiffs filed a response to the Court's second OSC. (ECF No. 9.) On July 10, 2024, Plaintiffs filed a supplemental opposition to Defendant's Motion. (ECF No. 10.)

The undersigned heard the parties' motions on September 26, 2024. In advance of the hearing, the Court requested information about whether Bank of America had already complied with the subpoena and, if so, whether such compliance had mooted the action. (ECF No. 14.) Defendant United States of America responded that while Bank of America had complied with the subpoena and disclosed relevant information to the IRS, the IRS had not reviewed that material and would not do so unless the Court were to find in favor of the IRS in this action. (ECF No. 15.)

Defendant Bank of America has not appeared in this action.

**II.   ANALYSIS**

The Court lacks subject matter jurisdiction over this action because Defendant United States of America has not waived its sovereign immunity under the relevant circumstances. Here, the undersigned follows the reasoning of the judges of this Court who have dismissed other petitions to quash IRS subpoenas related to Abe Alizadeh. *See Alizadeh v. CitiBank USA N.A.*, No. 2:24-mc-0043 DAD AC, 2024 WL 1722419, at *2 (E.D. Cal. Apr. 19, 2024), findings and recommendations adopted in full (ECF No. 19, July 19, 2024); *Alizadeh v. MUFG Union Bank N.A.*, No. 2:23-mc-0122 DAD AC, 2023 WL 3721104, at *2 (E.D. Cal. May 30, 2023), findings and recommendations adopted in full (ECF No. 15, July 12, 2023).

Congress "has authorized and required' the IRS 'to make the inquires, determinations, and assessments of all taxes' the Internal Revenue Code imposes." *United States v. Clarke*, 573 U.S. 248, 249-50 (2014) (quoting 26 U.S.C. § 6201(a)). In keeping with that mandate, "Congress has endowed the IRS with expansive information-gathering authority." *United States v. Arthur Young & Co.*, 465 U.S. 805, 816 (1984). The only statute that provides federal courts with jurisdiction to

1   quash an IRS summons is 26 U.S.C. § 7609, making it the exclusive method by which a taxpayer
2   can challenge an IRS summons. *See Ponsford v. United States*, 771 F.2d 1305, 1309 (9th Cir.
3   1985); *Viewtech, Inc. v. United States*, 2009 WL 3378990, at *1 (S.D. Cal. Oct. 16, 2009), aff'd,
4   653 F.3d 1102 (9th Cir. 2011).[3]

Only a party entitled to notice of a summons under section 7609(c)(2)(D) is entitled to bring a motion to quash under section 7609(b). *See* 26 U.S.C. § 7609(b)(2)(A). Neither Parvaneh Alizadeh nor Parva Property Management LLC was entitled to notice.

When issuing a summons to a third party, the IRS is generally required to give notice to "any person ... who is identified in the summons." 26 U.S.C. § 7609(a). Notice is not required for all summonses, however. Section 7609(c) contains express exceptions to the notice requirement, including that the notice requirement "shall not apply to any summons" that is "issued in aid of the collection of an assessment made or judgment rendered against the person with respect to whose liability the summons is issued." 26 U.S.C. § 7609(c)(2)(D)(i). Collection summonses are therefore different from summonses used to investigate and assess correct tax liabilities.

Here, the investigating IRS officer (using the pseudonym David Barbearo) issued the summons to Bank of America "in aid of the collection of" Abe Alizadeh's previously assessed federal tax. (ECF No. 4-2 (Barbearo Decl.), ¶¶ 8-9). The summons that Officer Barbearo issued in this case falls squarely within the exception established by section 7609(c)(2)(D)(i). Barbearo's Declaration shows that the IRS made assessments against Mr. Alizadeh for the 2014 through 2018 tax years. Barbearo Decl. ¶ 6. Additionally, the declaration establishes that the purpose of his investigation is to locate assets to satisfy Mr. Alizadeh's assessed federal tax liabilities. *Id*. ¶ 6. Accordingly, under section 7609(c)(2)(D)(i), the IRS was not required to give notice of the Summons to Abe Alizadeh himself, let alone Plaintiffs Parveneh Alizadeh or Parva Property Management, LLC.

Indeed, the Supreme Court recently explained exactly how this notice exception scheme works in *Polselli v. Internal Revenue Serv.*, 598 US 432 (2023). In that case, account holders had

---

[3] The Ninth Circuit's holding in *Viewtech, Inc.* was abrogated on other grounds in *Polselli v. Internal Revenue Serv.*, 598 US 432 (2023).

argued in favor of a rule—one "previously adopted by the Ninth Circuit—requiring that a taxpayer have 'some legal interest or title in the object of the summons' for the notice exception to apply.'" *Id*. at 437.  The Supreme Court rejected that argument, finding that the exception to the notice requirement in section 7609(c)(2)(D)(i) is "straightforward" and contains no further implicit requirement "that a taxpayer maintain a legal interest in [the] records summoned by the IRS." *Id*. at 445.

Plaintiffs ignore this authoritative construction of section 7609 by the Supreme Court and this Court's prior rulings. Instead, in response to the Court's OSCs, Plaintiffs made a belated attempt to collaterally attack the IRS investigation of Abe Alizadeh and subsequently sought a stay of any assessment activities. (ECF Nos. 6, 9-10.) However, those arguments are untimely and—more to the point—are made in a case where there is no federal jurisdiction to begin with. Accordingly, the Court will not engage with the substance of those arguments.

Because Ms. Alizadeh and PPM were not entitled to notice, they cannot bring a proceeding to quash the summons under section 7609(b)(2). That statute's waiver of sovereign immunity does not apply to the situation presented, and this court therefore lacks jurisdiction to consider the motion to quash. *See Valdez v. United States*, 56 F.3d 1177, 1179 (9th Cir. 1995) ("A party may bring an action against the United States only to the extent that the government waives its sovereign immunity."). The motion should be summarily denied.

The undersigned will not impose or recommend the imposition of sanctions against counsel for Plaintiffs, but did admonish counsel of the importance of not making baseless legal arguments, particularly where the Supreme Court has now authoritatively construed the statute.

### III.   CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that the Court:

1. Dismiss Plaintiffs' motion to quash (ECF No. 1); and
2. Grant Defendant's motion for summary denial of the petition to quash.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, either party may file written

objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 11, 2024

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE